# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# SEATTLE DIVISION

| | |
|---|---|
| MANDZELA ZHOCELIN-PATRICK a/k/a MANDZELA ZHOSELIN-PATRICK, an Individual,<br><br>Plaintiff,<br><br>v.<br><br>RITZIO PURCHASE LIMITED, a Cyprus company,<br><br>Defendant. | CASE NO. _____<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF**<br><br>**<u>JURY TRIAL DEMANDED</u>** |

Plaintiff, MANDZELA ZHOCELIN-PATRICK a/k/a MANDZELA ZHOSELIN-PATRICK, by and through his undersigned counsel, seeks declaratory and injunctive relief to establish that his registration and use of certain domain names listed herein is not unlawful.

## Introduction

1.      Plaintiff has registered a number of domain names using names that evoke the term "volcano." These domain names are used for gaming websites targeted to Russian speaking users based almost entirely in Russian and Ukraine.

2.      Defendant is the owner of several purported trademarks used in connection with gaming that also evoke the term "volcano." After years of acting as if it had no trademark rights, and years after it had ceased using the purported trademarks in Russia and Ukraine, Defendant filed an administrative proceeding against Plaintiff under the rules of the Uniform Domain-Name Dispute-Resolution Policy ("UDRP"), alleging that six domain names registered to Plaintiff infringed Defendant's purported trademark right in the term VULKAN.

3.      Defendant brought the UDRP proceeding despite the fact that (1) VULKAN is not a valid trademark as used in connection with gaming in Russia, where it is essentially prohibited, (2) all the asserted country-level trademark registrations were issued in Russia prior to the prohibition and those registrations are not invalid, (3) Defendant never had the exclusive right to use the term VULKAN in connection with gaming in Ukraine, and (4) all of Defendant's international trademark registrations rely upon those invalid Russian registrations.

4.      Furthermore, Defendant has been using the UDRP as part of a fraudulent scheme to steal the domain names of legitimate competitors without a

COMPLAINT FOR DECLARATORY AND INJUNCTIVE
RELIEF - 2

**MANN LAW GROUP**
1218 Third Avenue, Suite 1809
Seattle, Washington 98101
TELEPHONE: 206.436-0900

proper adjudication of rights allowed under the UDRP and by any comprehensive and legitimate legal system. It is certain that Defendant will attempt to engage in the same fraudulent scheme in connection with this lawsuit.

5. Attached hereto are the following filings from the UDRP Proceeding: Exhibit A is Defendant's Complaint in Accordance with the Uniform Domain-Name Dispute-Resolution Policy, including all Annexes thereto ("**Defendant's UDRP Complaint**"); Exhibit B is Plaintiff's Response to Defendant's UDRP Complaint ("**Plaintiff's UDRP Response**"); Exhibit C is the Administrative Panel Decision in the UDRP proceeding, erroneously finding that Plaintiff's domain name registrations should be transferred to Defendant (the "**UDRP Decision**").

6. Plaintiff now brings this action to prevent the wrongful transfer of his domain names to Defendant and for a declaratory judgment that Plaintiff is not infringing the trademark rights being asserted by Defendant.

## PARTIES

7. Plaintiff Mandzela Zhocelin-Patrick, also known as Mandzela Zhoselin-Patrick, is a French resident and national.

8. On information and belief, Defendant Ritzio Purchase Limited is a Cyprus company with Corporate ID 144533 and a business address of Diagorou Street 4, Kermia Building, 6th Floor, Office 601, P.C. 1097, Nicosia, Cyprus.

## JURISDICTION AND VENUE

9.  Pursuant to 28 U.S.C. §§ 2201(a) and 2202, Plaintiff seeks a declaration and judgment relating to his rights and obligations in an actual controversy within this Court's jurisdiction concerning Plaintiff's rights in and to certain domain name registrations and in and to certain trademark rights allegedly owned by Defendant.

10. Subject matter jurisdiction exists in this case pursuant to 28 U.S.C. § 1331, giving this Court original jurisdiction in a civil action raising a federal question, 28 U.S.C. § 1338(a), the Lanham Act (15 U.S.C. § 1051, *et seq.*) and 15 U.S.C. § 1114(2)(D)(v).

11. This Court has personal jurisdiction over Defendant because Defendant has sufficient contacts with the State of Washington and this judicial district subjecting it to the specific personal jurisdiction of this Court pursuant to Washington Superior Court Rule 4, Washington's long arm statute, and/or Federal Rule of Civil Procedure 4.  Defendant has purposefully availed itself of this forum by demanding that Plaintiff cease use of certain domain names and transfer the registrations for the same to Defendant, with those domain names being registered with a domain name registrar based in this judicial district (ENOM, Inc. at 5805 Lake Washington Blvd. NE, Ste. 300, Kirkland, Washington 98033).  Moreover, Defendant consented to the personal jurisdiction of this Court when it filed its

UDRP Complaint against Plaintiff pursuant to the Uniform Domain-Name Dispute-Resolution Policy. *See* Defendant's UDRP Complaint, p. 36 ("Complainant will submit, with respect to any challenges that may be made by the Respondent to a decision by the Administrative Panel to transfer or cancel the domain name(s) that is/are the subject of this Complaint, to the jurisdiction of the courts at the location of the principal office of the concerned registrars.").

12. Venue is proper in the Western District of Washington pursuant to 28 U.S.C. § 1391 because the Court has personal jurisdiction over Defendant and because a substantial part of the events or omissions giving rise to this Complaint occurred in this judicial district. Moreover, venue is proper in the Western District of Washington because of Defendant's voluntary submission to this Court's jurisdiction when it filed its UDRP Complaint against Plaintiff. *See* Defendant's UDRP Complaint, p. 36.

13. Pursuant to the UDRP Rules, this is the only court in which Plaintiff could file a legal proceeding to prevent the transfer of Plaintiff's domain names prior to a full adjudication of Plaintiff's rights.

14. Although jurisdiction and venue is proper in this Court, this dispute substantially involves issues of Russian law and other foreign and international law.

# FACTS

### A. Plaintiff and the Domain Names

15. Plaintiff is the registrant of the following domain names (the "**Domain Names**"):

wulkancasino.com

volcan24.com

vulcan-online-club.com

volcanozal.com

online-volcano.com

vulcan-club-online.com

16. Plaintiff registered the Domain Names for the benefit of Mr. Davy Kiba-Gaste, who operates and controls the Domain Names and the websites at the Domain Names.

17. The websites at the Domain Names are gaming websites where users can play slot-machine-like games and win prizes.

18. Plaintiff registered three of the Domain Names on March 7, 2013, one of them on March 26, 2013 and another two on September 18, 2014.

19. Most, if not all, of the visitors to the Domain Names come from Russia or Ukraine. For instance, for the websites at vulcan-club-online.com,

approximately 46.98% of visitors to the website come from Russia and 21.57% of the visitors to the website come from Ukraine.

20. The websites at the Domain Names are available ONLY in the Russian language, and thus are aimed only at users in Russia and Ukraine.

**B.     Defendant and its Disputed Registrations**

21. Defendant claims that it began providing casino and entertainment products in Russia under the trademark VULKAN in 1992 and claims that it eventually received four trademark registrations in Russia (the "**Russian Registrations**") and that it received various international trademark registrations, all of which rely upon the Russian Registrations as the underlying "basic" registrations (the "**International Registrations**", and together with the Russian Registrations, the "**Disputed Registrations**").

22. Defendant relied upon its Disputed Registrations, particularly the Russian Registrations, in its UDRP Complaint.

23. However, Russia banned all online gambling in late 2006, with the effect that Defendant could not have had any legal online gambling operations in Russia thereafter.

24. Moreover, Defendant ceased all brick-and-mortar gambling operations in Russia in early 2009 as a result of another law that made all gambling virtually illegal throughout Russia.  *See* Russian Law N244-FZ, §§ 5.3 & 5.4.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE
RELIEF - 7

**MANN LAW GROUP**
1218 Third Avenue, Suite 1809
Seattle, Washington 98101
TELEPHONE: 206.436-0900

25. Because of the illegality of both online and brick-and-mortar gambling operations in Russia, Defendant has been unable to offer services in Russia for at least the past seven years (brick-and-mortar) or ten years (online), such that to the extent that it claims protection for gambling services, the Russian Registrations are invalid due to abandonment and non-use and are subject to cancellation.

26. The English translation of the Cyrillic-character trademarks put forth by Defendant in the UDRP Complaint is "volcano."

27. Volcano-related imagery is popular in the context of gambling, as such imagery calls to mind the "eruption" of coins and other winnings that are bestowed upon lucky gamblers. For instance, the Mirage Casino in Las Vegas famously has a large volcano at its entrance.

28. As a result, gambling-related businesses frequently incorporate references to volcanos and volcano-related imagery.

29. As a result of this regular use of volcanos in gambling-related businesses by other parties, Defendant has been prevented from registering its marks in Ukraine.

C.     **Defendant's Abuse of the UDRP**

30. In two other UDRP proceedings (*Ritzio Purchase Limited v. Escave Ltd*, D2015-00875 (WIPO Aug. 12, 2015) and *Ritzio Purchase Limited v.*

*Budusov / InfoStar Management Ltd*, D2015-1106 (WIPO Oct. 7, 2015)), Defendant agreed to submit, with respect to any challenges that would be made by the respondents to a decision by the administrative panels to transfer or cancel the domain names, to the jurisdiction of the courts at the location of the registrants' addresses in the WhoIs database (the "**Mutual Jurisdiction**").

31.  The Mutual Jurisdiction in the *Escave* case was in the Seychelles and the Mutual Jurisdiction in the *InfoStar* case was in England.

32.  In both of those cases, the administrative panels found in favor of Defendant, but shortly thereafter, and in accordance with the provisions of UDRP ¶ 4(k),[1] both respondents filed a lawsuit in the appropriate jurisdictions to challenge the administrative panels' decisions (much like Plaintiff is doing here).

---

1 UDRP ¶ 4(k) states as follows:
> Availability of Court Proceedings. The mandatory administrative proceeding requirements set forth in Paragraph 4 shall not prevent either you or the complainant from submitting the dispute to a court of competent jurisdiction for independent resolution before such mandatory administrative proceeding is commenced or after such proceeding is concluded. If an Administrative Panel decides that your domain name registration should be canceled or transferred, we will wait ten (10) business days (as observed in the location of our principal office) after we are informed by the applicable Provider of the Administrative Panel's decision before implementing that decision. We will then implement the decision unless we have received from you during that ten (10) business day period official documentation (such as a copy of a complaint, file-stamped by the clerk of the court) that you have commenced a lawsuit against the complainant in a jurisdiction to which the complainant has submitted under Paragraph 3(b)(xiii) of the Rules of Procedure. (In general, that jurisdiction is either the location of our principal office or of your address as shown in our Whois database. See Paragraphs 1 and 3(b)(xiii) of the Rules of Procedure for details.) If we receive such documentation within the ten (10) business day period, we will not implement the Administrative Panel's decision, and we will take no further action, until we receive (i) evidence satisfactory to us of a resolution between the parties; (ii) evidence satisfactory to us that your lawsuit has been dismissed or withdrawn; or (iii) a copy of an order from such court dismissing your lawsuit or ordering that you do not have the right to continue to use your domain name.

33. However, despite representing in those UDRP complaints that Defendant would submit to the jurisdiction of the courts in England and Seychelles, Defendant subsequently challenged the right and jurisdiction of the respective courts to hear the disputes.

34. As a result of these actions, those respondents were stripped of their rights to fully adjudicate the merits of their cases promised by UDRP ¶ 4(k).

35. Those domains have now been transferred to Defendant as a result of its fraud.

36. Defendant's actions constituted fraud because Complainant was required to submit to those jurisdiction in order to file its UDRP complaints and was not entitled to a decision from the administrative panels if it did not submit.

**D.    Defendant's Implied Consent to Third Parties**

37. For many years, Defendant either explicitly consented to third parties using its putative trademarks without any oversight or licensing, or simply did not care that third parties did so.

38. For instance, the company GGS Ltd. began operating a website at the domain name vulcan-casino.com in June of 2011, and continued to operate numerous other domain names and websites incorporating the name.

39. Upon information and belief, GGS operated its domain names openly and with the implicit consent of Defendant for nearly four years.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF - 10

MANN LAW GROUP
1218 Third Avenue, Suite 1809
Seattle, Washington 98101
TELEPHONE:  206.436-0900

40. Upon information and belief, Defendant had extensive discussions with GGS regarding its domain names and websites, including discussions about possible joint projects.

41. Upon information and belief, for years, Defendant also allowed another company called EvoPlay LLP to operate websites at no fewer than 18 domain names that include the putative VULKAN mark, including domain names like club-vulkan.com and vulkanpremium.com.

42. Upon information and belief, EvoPlay had been operating these domain names and websites since as early as 2011, without any authorization or license from Defendant.

43. Similarly, Defendant registered the Domain Names and their websites were operated for years in full view of Defendant, who took no action until recently.

44. Having at the very least impliedly consented to so many third parties using the marks for so many years, Defendant should not now be permitted to hijack the domain names of others to use for its own purposes.

E.   **Defendant Attempts to Reverse Hijack the Domain Names**

45. On or about October 16, 2016, over three years after Plaintiff registered the Domain Names, and over seven years since Defendant had operated at all in Russia, Defendant filed a complaint against Plaintiff under the Uniform

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF - 11

MANN LAW GROUP
1218 Third Avenue, Suite 1809
Seattle, Washington 98101
TELEPHONE: 206.436-0900

Domain-Name Dispute-Resolution Policy to secure the transfer of the Domain Names from Plaintiff to Defendant. *See* Defendant's UDRP Complaint, attached hereto as Exhibit A.

46. The UDRP proceeding was conducted by the World Intellectual Property Organization ("WIPO").

47. In Defendant's UDRP Complaint, Defendant alleged that it owned the exclusive right to use the trademark VULKAN, which rights it alleged Plaintiff was infringing with the registration and use of the Domain Names.

48. Plaintiff responded to Defendant's allegations and showed that Defendant could not satisfy any of the factors necessary for it to prevail in the UDRP proceeding and that, in addition, Defendant brought the UDRP Complaint in bad faith and that it constituted an abuse of the administrative proceeding. *See* Plaintiff's UDRP Response, attached hereto as Exhibit B.

49. On or about December 15, 2016, the administrative panel in the UDRP proceeding issued a decision directing that the Domain Names should be transferred to Defendant. *See* UDRP Decision, attached hereto as Exhibit C.

50. Defendant's serious and incorrect accusations in the UDRP Complaint and the ancillary documents, and the UDRP Decision itself, establish an actual controversy between the parties, and thus Plaintiff requests that this Court grant declaratory, injunctive and affirmative relief in Plaintiff's favor.

**F.     Defendant's Activities That Create a Justiciable Controversy**

51.     On or about October 16, 2016, Defendant initiated a UDRP proceeding against Plaintiff.  *See* Defendant's UDRP Complaint, <u>Exhibit A</u> hereto.

52.     On or about December 15, 2016, the administrative panel in the UDRP proceeding issued its decision directing the transfer of the Domain Names to Defendant.  *See* UDRP Decision, <u>Exhibit C</u> hereto.

53.     Plaintiff does not wish to transfer its rightfully-owned property (i.e., the Domain Names) to Defendant or allow such transfer to take place.

54.     Defendant's actions show a clear intent to use any means necessary to obtain the Domain Names, including litigation.  Thus, an actual, substantial and immediate controversy exists, justifying the declaratory relief that Plaintiff seeks.

## CAUSES OF ACTION

### COUNT ONE

**Declaratory and Injunctive Relief Pursuant to 15 U.S.C. § 1114(2)(D)(v)**

55.     Plaintiff repeats, re-alleges and incorporate each and every allegation listed in the preceding paragraphs.

56.     Plaintiff rightfully registered the Domain Names in good faith, and with no intent to sell the Domains to Defendant or otherwise to cause harm or show bad faith toward Defendant.

57. At the very least in the geographic areas in which the Domain Names are used, Defendant has no legally cognizable trademark rights that are confusingly similar to the Domain Names.

58. Plaintiff believed and had reasonable grounds to believe that his registration and the use of the Domain Names was and is lawful.

59. Plaintiff has notified Defendant of his intent to file a civil action to establish that the registration and use of the Domain Names are lawful.

60. The domain name registrar for the Domain Names, ENOM Inc. (located in this judicial district), has locked the transfer and updating of the Domain Names by Plaintiff and, pursuant to the UDRP Decision and absent the initiation of this civil action and a resolution of this matter in favor of Plaintiff, will transfer the Domain Names imminently to Defendant.

61. Plaintiff has no other prompt and expeditious remedy to protect its interest and to prevent him from irreparable harm.

62. To resolve this actual controversy, Plaintiff seeks a declaration establishing that his registration and the use of the Domain Names are lawful and injunctive relief prohibiting the transfer of the Domain Names to Defendant and otherwise unlocking the Domain Names.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF - 14

**MANN LAW GROUP**
1218 Third Avenue, Suite 1809
Seattle, Washington 98101
TELEPHONE: 206.436.0900

## COUNT TWO

### Declaration of Non-Infringement of Trademark

63. Plaintiff repeats, re-alleges and incorporate each and every allegation listed in the preceding paragraphs.

64. Based on the facts set forth above, an actual controversy has arisen and now exists between Plaintiff and Defendant regarding the issue of whether the registration and use of the Domain Names infringes Defendant's claims rights under applicable laws.

65. Plaintiff denied Defendant's allegations.

66. Absent a resolution of this matter, Defendant will be uncertain as to whether his continued use of the Domain Names or domain names similar thereto expose Plaintiff to liability.

67. Plaintiff has no other prompt and/or expeditious remedy to protect his interest and to prevent him from irreparable harm.

68. Under the circumstances, a judicial declaration is necessary and appropriate at this time in order that Plaintiff may determine his rights and duties under applicable law and the facts of this case.

# **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this honorable Court perform the following actions:

A.     Enter judgment for Plaintiff on all Counts of his Complaint;

B.     Enter a declaration that Plaintiff's use of the Domain Names does not infringe the trademark rights asserted by Defendant, and further declaring that Plaintiff is free to otherwise engage in activities substantially similar thereto without restriction by Defendant;

C.     Enter a declaration that Plaintiff registered and has used the Domain Names in good faith, is the rightful registrant of the Domain Names, and has used the Domain Names in conjunction with the offering of *bona fide* services;

D.     Issue a permanent injunction to enjoin Defendant and others from interfering with Plaintiff's use and registration of the Domain Names, including placing the Domain Names on "locked status," cancelling the registrations for the Domain Names, transferring the registrations for the Domain Names, or otherwise disturbing Plaintiff's lawfully-obtained Domain Names;

E.     Issue a permanent injunction to enjoin ENOM Inc. and WIPO from transferring the registrations for the Domain Names to Defendant;

F.  Award such other and further relief, whether legal or equitable, as the Court may deem just and proper.

### JURY DEMAND

Plaintiff demands a trial by jury for all issues so triable.

DATED this 3rd day of January, 2017.

> By: s/ *Philip P. Mann*
> Philip P. Mann, WSBA No. 28860
> MANN LAW GROUP
> 1812 Third Avenue, Suite. 1809
> Seattle, WA 98101
> Telephone: (206) 436-0900
> email: phil@mannlawgroup.com
>
> Matthew Shayefar (*pro hac vice* forthcoming)
> Valentin Gurvits (*pro hac vice* forthcoming)
> BOSTON LEGAL GROUP, PC
> 825 Beacon Street, Suite 20
> Newton Centre, Massachusetts 02459
> Telephone: (617) 928-1800
> Fax: (617) 928-1802
> email: matt@bostonlawgroup.com
>           vgurvits@bostonlawgroup.com
>
> Attorneys For Plaintiff