The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MANDZELA ZHOCELIN-PATRICK an Individual,<br><br>Plaintiff,<br><br>v.<br><br>RITZIO PURCHASE LIMITED, a Cyprus company,<br><br>Defendant. | No. 2:17-cv-00002<br><br>MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT<br><br>NOTED FOR: October 6, 2017 |

Defendant Ritzio Purchase Limited ("Ritzio"), respectfully requests that this Court set aside the Clerk's Entry of Default entered in this case on July 21, 2017 (Dkt. # 12), which, if granted, would enable Ritzio to file a responsive pleading and continue with the case on the merits.

## I. BACKGROUND

This lawsuit stems from a WIPO arbitration outcome. Ritzio is a company with legal roots in the Republic of Cyprus, but with officers and employees across Europe and Asia. Declaration of Doxa Pericleous ("Pericleous Decl.") at ¶ 2. Ritzio does not have, never has had, and doesn't expect to have, operations, employees, or any substantive business activity in the



FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400 FAX (206) 447-9700

United States. Pericleous Decl. at ¶ 3.

Plaintiff Mandzela Zhocelin-Patrick (“Zhocelin-Patrick”) and Ritzio arbitrated the ownership of certain domain names at the World Intellectual Property Organization (“WIPO”) in Genève, Switzerland; that arbitration was initiated by Ritzio on September 29, 2016 and concluded on December 15, 2016. Dkt. # 1-10 at pp. 2, 11. At the conclusion of that arbitration, the WIPO panel found in favor of Ritzio, and against Zhocelin-Patrick. *Id*. The WIPO panel held that “each of the [thirteen] disputed domain names have been both registered and used in bad faith [by Zhocelin-Patrick]” and ordered all thirteen domain names transferred from Zhocelin-Patrick to Ritzio. Dkt. # 1-10, at p. 10.[1]

As of the date of this Motion, six of the domain names have not been transferred from Zhocelin-Patrick to Ritzio. Dkt. # 1 at ¶ 15.[2] Instead, Zhocelin-Patrick filed this case in order to stop the transfer of the Six WDWA Seattle Domain Names. *Id.* Zhocelin-Patrick’s Complaint purports to seek declaratory relief that would have effect of reversing the determinations of the neutral WIPO panel based chiefly on arguments that were rejected in that proceeding, while also claiming that Ritzio “abuse[d]” these proceedings. Dkt. # 1, at pp. 8, 13-14.

Although the case here was initially filed in January, Zhocelin-Patrick did not attempt service on Ritzio until about six months later. Dkt. # 10. On June 27, 2017, a process server (presumably certified to serve process in Cyprus) delivered a copy of the summons and

[1] The thirteen domain names at issue in the WIPO proceeding were: (1) online-volcano.com; (2) volcanozal.com; (3) volcan24.com; (4) vulcan-club-online.com; (5) vulcan-online-club.com; (6) vulcano7.com; (8) wulkancasino.com; (9) 1vulcano.com; (10) 2vulcano.com; (11) 3vulcano.com; (12) 5vulcano.com; (13) 7vulcano.com. The final domain name that was the subject of the WIPO arbitration is vulcan-club-online.top. Dkt. # 1-10 at p. 10 (“Thirteen WIPO Proceeding Domain Names”).

[2] The six domain names at issue in this litigation are: (1) wulkancasino.com; (2) volcan24.com; (3) vulcan-online-club.com; (4) volcanozal.com; (5) online-volcano.com; (6) vulcan-club-online.com. (“Six WDWA Seattle Domain Names”). Seven of the Thirteen WIPO Proceeding Domain Names have already been transferred to Ritzio.

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400 FAX (206) 447-9700

complaint to a secretary at Costas Indianos & Company LLC ("Costas Indianos").[3] Dkt. # 10. Foster Pepper entered a Notice of Appearance on August 11, 2017. Dkt. # 13.

According to Zhocelin-Patrick, Ritzio's answer was due July 18, 2017. Dkt. 11, at 2. Zhocelin-Patrick filed a Motion for Default on July 20, 2017 (Dkt. # 11), which was granted the following day. Dkt. # 12. On August 14, counsel for Ritzio called Zhocelin-Patrick's counsel and asked if Zhocelin-Patrick would stipulate to setting aside default. Zhocelin-Patrick's counsel refused. The present Motion follows.

## II. DISCUSSION

Judgment by default is appropriate only in extreme circumstances because a case should, whenever possible, be decided on the merits. *U.S v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1089 (9th Cir. 2010) (holding that judgment by default is a drastic step that is appropriate only in extreme circumstances, and that district court erred by ignoring this in denying relief from default). In the Ninth Circuit, the "starting point is the general rule that default judgments are ordinarily disfavored," and that "[c]ases should be decided upon their merits whenever reasonably possible." *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

Federal Rule of Civil Procedure 55(c) allows a court to set aside an entry of default for good cause. The "good cause" standard for vacating an entry of default is the same standard for vacating a default judgment. *Franchise Holdings II, LLC v. Huntington Rests. Group, Inc.*, 375 F.3d 922, 925 (9th Cir. 1986). The factors that govern the application of the "good cause" standard are (1) whether Plaintiff will be prejudiced if the Court sets aside the default judgment, (2) whether Defendants have a meritorious defense, and (3) whether culpable conduct of Defendants led to the default. *Falk v. Allen*, 739 F.2d 461 (9th Cir. 1984). These factors are to be considered conjunctively. *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001).

---

[3] Costas Indianos is a Cyprus law firm that provides nominee services for Ritzio.

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400 FAX (206) 447-9700

Taking into account the Court's general disfavor for default judgments and the other relevant factors in this case, a decision to set aside the clerk's entry of default is warranted.

**A. Zhocelin-Patrick will not be prejudiced if the Court sets aside of the entry of default**

First, and importantly, Zhocelin-Patrick will not be prejudiced if the Court sets aside of the entry of default. To be prejudicial, the setting aside of a judgment must hinder a plaintiff's ability to pursue his or her claim. *TCI*, 244 F.3d at 701. That is, the delay caused to a plaintiff as a result of pursuing the default judgment "must result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion." *Id*. (quoting *Thompson v. Am. Home Assur. Co.*, 95 F.3d 429, 433-34 (6th Cir. 1996)). There is no indication that any risk of any such tangible harm exists here. In fact, the only potential harm that presently exists is against *Ritzio*, as Zhocelin-Patrick has not yet transferred the domain names to Ritzio, as it was ordered to do in the UDRP proceedings. Pericleous Decl. at ¶¶ 6-7.

This absence of prejudice to the Zhocelin-Patrick supports a decision to set the default entry. *See* 10A Charles Alan Wright, et al., *Federal Practice and Procedure*, § 2699 (3d ed. 1998) ("When no prejudice is apparent, courts naturally are favorably inclined toward setting aside a default entry or judgment."). Nor is delay evidence of any prejudice to Zhocelin-Patrick. Zhocelin-Patrick did not even attempt service for over six months, and waited only two days before filing its Motion for Default. There is no apparent or articulated urgency to Zhocelin-Patrick's claims that would justify a default. Although setting aside the entry will likely delay the resolution of Zhocelin-Patrick's claims, the fact that setting aside the entry of default may delay the Zhocelin-Patrick's potential recovery does not constitute sufficient prejudice. *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 701 (9th Cir.2001).

In this case, there is no indication that any delay will cause other prejudice, such as lost witnesses or evidence. Substantive discovery has yet to begin and this Motion is filed within weeks after default was entered and counsel appointed. Likewise, the fact that Zhocelin-Patrick will be required to proceed on the merits of the case rather than proceed by default does not

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400 FAX (206) 447-9700

constitute prejudice. "The fact that Plaintiff would have to try the case on the merits if relief is granted is not the kind of prejudice that should preclude relief." 10A Wright, *et al.* § 2699. Overall, the lack of prejudice to the Zhocelin-Patrick weighs in favor of setting aside the entry of default.

**B. Ritzio did not engage in any culpable conduct deserving of default.**

Moreover, Ritzio's conduct in bringing about the entry of default was not willful in this case. "[A] defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and intentionally failed to answer." *Alan Neuman Prods. v. Albright*, 862 F.2d 1388, 1392 (9th Cir.1988). The Ninth Circuit typically finds that a failure to answer is intentional only when "there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond." *Id*. In the absence of bad faith, default judgment is inappropriate. *U.S v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1092-94 (9th Cir. 2010) (district court erred in finding defendant's conduct culpable in absence of bad faith). In this context, "bad faith" could be evidenced by "an intention to take advantage of the opposing party, interfere with judicial decision-making, or otherwise manipulate the legal process." *Id*. at 1092.

Ritzio did not engage in bad faith, or in any culpable conduct deserving of such a severe sanction. Here, the Summons and Complaint were only served on Ritzio, if at all properly, approximately three months ago. Ritzio was not aware of the specific date to answer until it received an explanation from its counsel after July 21, 2017. Pericleous Decl. at ¶ 3. Foster Pepper entered a Notice of Appearance on August 11, 2017. Dkt. # 13. Ritzio's attempts to properly defend this suit should carry meaningful weight, and demonstrate a lack of culpability. Ritzio is not manipulating any legal process, or interfering with judicial decision-making, or engaging in any conduct that is unfair to Zhocelin-Patrick; rather, it is Zhocelin-Patrick that is attempting to avoid its legal obligations by attempting to invalidate the UDRP proceedings by initiating lawsuits on the other end of the world. Ritzio's attempt to understand and navigate an

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400 FAX (206) 447-9700

unfamiliar legal system and process should not be construed as culpable conduct. The Court should find that Ritzio was not culpable, or personally willful or negligent in bringing about the entry of default.

**C. Having already prevailed in the UDRP proceedings, Ritzio has a meritorious defense to Zhocelin-Patrick's Purported Claims**

Finally, Ritzio has a meritorious defense to the claims brought in this action. *Mendoza v. Wight Vineyard Mgmt.*, 783 F.2d 941, 945-46 (9th Cir.1986) ("Where timely relief is sought from a default ... and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the [default] so that cases may be decided on their merits"). Ritzio need not establish a conclusively meritorious defense; rather, it need only raise a "minimal meritorious defense" to satisfy this factor. *Onvia, Inc. v. Niche Sites, LLC*, C09-640RAJ, 2009 WL 10676281, at *2 (W.D. Wash. Nov. 16, 2009). Here, Ritzio's defense would be predicated on claims of ownership over the disputed domain names that have already been accepted in UDRP proceedings. Dkt. # 1-10. Zhocelin-Patrick's lawsuit here appears to be chiefly aimed at relitigating disputes already resolved in UDRP proceedings last year. For the same reasons that justified Ritzio prevailing before the UDRP, Ritzio has similar meritorious arguments in the present case. Ritzio believes that a fully informed Court will find make the same determination as did the WIPO Administrative Panel; if the Court makes such a determination, the domain names will finally be transferred to Ritzio, ending a legal battle that has gone on for almost a year as of this date. Pericleous Decl. at ¶ 8.

## III. CONCLUSION

This Court has previously expressed a preference for the disposition of cases on their merits rather than by default. This preference, in combination with the other relevant factors explained herein, support setting aside the clerk's entry of default. The circumstances here do not warrant permitting Zhocelin-Patrick to prevail without proving the merits of its suit. Accordingly, Ritzio requests that the Court enter an order setting aside the Clerk's Entry of

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400 FAX (206) 447-9700

Default and allowing the Ritzio to file an Answer or otherwise respond to the Complaint.

DATED this 21st day of September, 2017.

FOSTER PEPPER PLLC

*/s/ Douglas A. Grady*
Douglas A. Grady, WSBA #36100
1111 Third Avenue, Suite 3000
Seattle, WA 98101
Telephone: (206) 447-4400
Fax: (206) 447-9700
Email: douglas.grady@foster.com;
*Attorney for Defendant*

MOTION TO SET ASIDE DEFAULT - 7
Case No. 2:17-cv-00002 RAJ

**FOSTER PEPPER PLLC**
**1111 THIRD AVENUE, SUITE 3000**
**SEATTLE, WASHINGTON 98101-3299**
**PHONE (206) 447-4400 FAX (206) 447-9700**

51627801.4

**CERTIFICATE OF SERVICE**

I hereby certify that on September 21, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*s/Douglas A. Grady*

MOTION TO SET ASIDE DEFAULT - 8
Case No. 2:17-cv-00002

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3292
PHONE (206) 447-4400 FAX (206) 447-9700

51627801.4