The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MANDZELA ZHOCELIN-PATRICK
an Individual,

                Plaintiff,

v.

RITZIO PURCHASE LIMITED,
a Cyprus company,

                Defendant.

No. 2:17-cv-00002

DECLARATION IN SUPPORT OF MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT

NOTED FOR: ~~September~~ October 6, 2017

I, **Doxa Pericleous** declare as follows:

I am over the age of 18 and competent to testify. I am a Director of Defendant Ritzio Purchase Limited ("Ritzio") in the above captioned matter. I have personal knowledge of the following facts set forth herein, or, where noted, based upon information provided to me by others and after a reasonable investigation.

1. Ritzio is a company with legal roots in the Republic of Cyprus, but doing business all over Europe and Eastern Asia.

2. Ritzio does not have, never has had, and doesn't expect to have, operations, employees, or any substantive business activity in the United States.

DECLARATION IN SUPPORT OF MOTION
TO SET ASIDE CLERK'S ENTRY OF
DEFAULT JUDGMENT - 1
Case No. 2:17-cv-00002 RAJ
51635658.2

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

3. Ritzio did not willfully or culpably intend to <u>not</u> answer or otherwise respond to the Complaint in the above captioned matter. In fact, the specific date to answer or otherwise respond was not known by anyone at Ritzio until it was explained to us by our American lawyer at a point in time after the Clerk's Entry of Default was entered on July 21, 2017.

4. Ritzio was probably not aware of a specific date to answer or otherwise respond for one or more of the following reasons. First, there were a significant amount of documents in the Complaint presented to Ritzio; our lawyer says 751 pages, but I have not personally counted. Many of those 751 pages are written in legal jargon unfamiliar to Ritzio. Second, Ritzio is not familiar with the United States' legal system, including the general timelines and expectations of United States' courts. Had Ritzio been generally aware of these the general timelines and expectations, it would have been certain to search the documents for relevant dates, and strived to meet such deadlines. Third, at some point unknown, the 751 pages of documents were placed in a random order; as such, the important papers with deadlines were buried in the 751 pages.

5. If a specific date to answer or otherwise respond was known to Ritzio, Ritzio would have filed appropriate papers by that specific date.

6. Ritzio is not aware of any prejudice to the opposing party if the judgment were to be set aside. In fact, because the domain names at issue are currently parked with the opposing party, the opposing party is probably enjoying revenue of some sort – revenue that would rightfully belong to Ritzio had the opposing party transferred the domain names to Ritzio before now. In other words: the longer the case is delayed, the more it <u>favors</u> the opposing party—<u>not prejudices</u> the opposing party.

7. Ritzio very much wants to participate in this civil action. Even though Ritzio filed

DECLARATION IN SUPPORT OF MOTION
TO SET ASIDE CLERK'S ENTRY OF
DEFAULT JUDGMENT - 2
Case No. 2:17-cv-00002 RAJ
51635658.2

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

the WIPO arbitration demand on September 29, 2016 and thereafter prevailed, Ritzio is still not in custody of the domain names that were ordered transferred to us. Ritzio understands the fastest way to obtain custody of these domain names is via this Court and instant civil action.

8.  Ritzio has a meritorious defense to the claims brought by the opposing party. Ritzio prevailed in the WIPO case against the opposing party, and reasonably believes that a fully informed court will find make the same determination as did the WIPO Administrative Panel. If the Court makes such a determination, the domain names will finally be transferred to Ritzio – ending a legal battle that has gone on for almost a year as of this date.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 18th day of September, 2017.

_____  / DOXA PERICLECUS - DIRECTOR
Signature

DECLARATION IN SUPPORT OF MOTION
TO SET ASIDE CLERK'S ENTRY OF
DEFAULT JUDGMENT - 3
Case No. 2:17-cv-00002 RAJ
51635658.2

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of September, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*s/Douglas A. Grady*
Douglas A. Grady

MOTION TO SET ASIDE DEFAULT - 4
Case No. 2:17-cv-00002

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3292
PHONE (206) 447-4400   FAX (206) 447-9700

51635658.2