The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MANDZELA ZHOCELIN-PATRICK
an Individual,

                            Plaintiff,

     v.

RITZIO PURCHASE LIMITED,
a Cyprus company,

                            Defendant.

No. 2:17-cv-00002

REPLY IN SUPPORT OF MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT

NOTED FOR: October 27, 2017

The lone question at issue is whether this Court should decide this case on the merits, or if Mandzela Zhocelin-Patrick should "win" via default – *without consideration of its merits* – simply because he filed a Motion for Default 48 hours after the Answer deadline (which Entry was signed by a Court Clerk the next day). Given this Circuit's "oft stated commitment to deciding cases on the merits whenever possible"[1], Defendant Ritzio Purchase Limited ("Ritzio"), respectfully requests that this Court set aside the Clerk's Entry of Default entered in this case on July 21, 2017 (Dkt. # 12), which will enable Ritzio to file a responsive pleading and continue with the case on the merits.

---

[1] *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010).

DEFENDANT'S REPLY IN SUPPORT OF
MOTION TO SET ASIDE CLERK'S
ENTRY OF DEFAULT- 1
Case No. 2:17-cv-00002 RAJ
51643758.1

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

Beyond the Ninth Circuit's "oft stated" policy-based reasoning that is perfectly applicable here, all three of Zhocelin-Patrick's legal arguments against Ritzio's motion are founded upon incorrect statements of law. *First*, "culpable conduct" in this Circuit requires both notice and "bad faith"; because Ritzio did not act in bad faith, its failure to answer timely cannot be deemed "culpable." *Second*, mere delay in recovery is not prejudice *per se*; Zhocelin-Patrick's belief that he will be prejudiced because of "protracted litigation" is inconsequential as a matter of law. *Third*, Zhocelin-Patrick's argues that he incurred legal fees for having to draft an Opposition to Ritzio's motion. (Dkt. # 18). However, merely being forced to litigate on the merits cannot be considered prejudicial for the purposes of lifting a default.

**A.   Ritzio's Unrebutted Evidence Shows Ritzio Has Acted in Good Faith, which Plainly Supports Ritzio's Motion to Set Aside the Clerk's Entry of Default**

The parties agree that Federal Rule of Civil Procedure 55(c) allows a court to set aside an entry of default for good cause. The factors that govern the application of the "good cause" standard are (1) whether Plaintiff will be prejudiced if the Court sets aside the default judgment, (2) whether Defendants have a meritorious defense, and (3) whether culpable conduct of Defendants led to the default. *Falk v. Allen,* 739 F.2d 461 (9th Cir. 1984).

Zhocelin-Patrick first argues Ritzio's alleged "culpable conduct" – that Ritzio had notice "before it was filed and after service of the lawsuit" was filed, and still did not answer – led to Ritzio's default. Opposition, at 6 (Dkt. # 18). But this is not the law in the Ninth Circuit.

Rather, "the Ninth Circuit has held that an intentional failure to answer, after receiving actual or constructive notice of the filing, is culpable **only when accompanied by bad faith**, such as when the defendant intends to take advantage of the opposing party, interfere with judicial decision making, or otherwise manipulate the legal process." James Wm. Moore et al, *Moore's Federal Practice* § 55.70[2][b] (emphasis added) (citing *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1092 (9th Cir. 2010)) ("[…] to treat a failure to answer as culpable, the movant must have acted with bad faith, such as an "intention to take

DEFENDANT'S REPLY IN SUPPORT OF
MOTION TO SET ASIDE CLERK'S
ENTRY OF DEFAULT- 2
Case No. 2:17-cv-00002 RAJ
51643758.1

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

1 advantage of the opposing party, interfere with judicial decision making, or otherwise manipulate the legal process."); *Dysart v. Ames,* No. 13–CV–0261–TOR, 2014 WL 1364961, at *1 (E.D. Wash. Apr. 7, 2014); *Quinn v. Everett Safe & Lock Inc.*, No. C13-0005-JCC, 2013 WL 12071672, at *2 (W.D. Wash. Mar. 26, 2013).

Zhocelin-Patrick never alleges bad faith, because no bad faith was present. In fact, Ritzio's failure to respond was explained in Doxa Pericleous's declaration (Dkt. # 16). *First*, there were a significant amount of documents in the Complaint presented to Ritzio (about 750 pages), all of which were written in United States legal jargon completely unfamiliar to Cyprus-based Ritzio; *second*, Ritzio was not familiar with the general timelines and expectations of United States' courts and legal system, but had it been aware of these timelines and expectations, Declarant Pericleous said she would have strived to meet such deadlines; and *third*, the important deadline to answer was buried in the 751 pages received by Declarant Pericleous. None of these reasons are the "bad faith acting" of the sort contemplated by the Ninth Circuit in *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, and its progeny.

Because Ritzio's failure to answer timely was not the result of bad faith, the default should be set aside.

**B.   Zhocelin-Patrick's Alleged Delay in Gaining a Judgement is Not Undue Prejudice**

Zhocelin-Patrick next argues that it will be prejudiced if the Court sets aside the default judgment because Zhocelin-Patrick will be delayed in resolving this case. Specifically, Zhocelin-Patrick asserts that it:

> has in fact been prejudiced by Defendant's failure to timely respond to the Complaint. The uncertainty in the proceedings, specifically whether Defendant would immediately receive unencumbered right to the domain names by way of a default judgment rather than now potentially having to go through protracted litigation, damages Defendant's ability to properly plan for the future and operate the websites at the domain names.

Opposition, at 6 (Dkt. # 18).

DEFENDANT'S REPLY IN SUPPORT OF
MOTION TO SET ASIDE CLERK'S
ENTRY OF DEFAULT- 3
Case No. 2:17-cv-00002 RAJ
51643758.1

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

However, it is well settled that, "to be prejudicial, **the result must be greater than simply delaying the resolution of the action**. *Hanna v. Mariposa Cty. Sheriff Dep't*, No. 1:12–cv–00501–AWI–SAB, 2014 WL 108536, at *6 (E.D. Cal. Jan. 9, 2014), *report and recommendation adopted*, 2014 WL 356993 (E.D. Cal. Jan. 23, 2014) (emphasis added) (quoting *TCI Group Life Ins. Plan v. Knoebber,* 244 F.3d 691, 701 (9th Cir. 2001)); James Wm. Moore et al, *Moore's Federal Practice* § 55.70[2][c]; *WRE-Hol, LLC v. Pharos Sci. & Applications, Inc.*, No. C09-1642 MJP, 2010 WL 786005, at *2 (W.D. Wash. Mar. 4, 2010).

Because Zhocelin-Patrick's "prejudice via delay" argument has been considered and rejected by the Ninth Circuit on many occasions, it should also be rejected here.

## C. Zhocelin-Patrick Alleged Prejudice of Being Forced to Litigate on the Merits is Not Prejudice *Per Se*

Finally, Zhocelin-Patrick argues that it "has suffered prejudice" because it "has had to expect [sic] additional legal fees in connection with the Motion which it otherwise would not have had to expend if not for Defendant's clear negligence in failing to respond to the Complaint in a timely manner." Opposition, at 7 (Dkt. # 18).

But this argument, too, has been expressly considered and rejected by the Ninth Circuit:

> It should be obvious why merely being forced to litigate on the merits cannot be considered prejudicial for purposes of lifting a default judgment. For had there been no default, the plaintiff would of course have had to litigate the merits of the case, incurring the costs of doing so. A default judgment gives the plaintiff something of a windfall by sparing her from litigating the merits of her claim because of her opponent's failure to respond; vacating the default judgment merely restores the parties to an even footing in the litigation.

*TCI Grp. Life Ins. Plan v. Knoebber,* 244 F.3d 691, 701 (9th Cir. 2001), *as amended on denial of reh'g and reh'g en banc* (May 9, 2001); *Aspen Ins. U.K. Ltd. v. Emerald City Escrow LLC*, No. C09–820Z, 2010 WL 1849027, at *3 (W.D. Wash. May 6, 2010) ("merely being forced to litigate on the merits cannot be considered prejudicial for the purposes of lifting a default.").

DEFENDANT'S REPLY IN SUPPORT OF
MOTION TO SET ASIDE CLERK'S
ENTRY OF DEFAULT- 4
Case No. 2:17-cv-00002 RAJ
51643758.1

**FOSTER PEPPER PLLC**
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

As above, because Zhocelin-Patrick's argument has been considered and rejected by the Ninth Circuit on many occasions, it should also be rejected here.

## II. CONCLUSION

For the foregoing reasons, Defendant urges the Court to set aside the Clerk's Entry of Default and allow Ritzio to file an Answer or otherwise respond to the Complaint in short order.

DATED this 27th day of October, 2017.

Respectfully submitted,

/s/ Douglas A. Grady
Douglas A. Grady, WSBA #36100
FOSTER PEPPER PLLC
1111 Third Avenue, Suite 3000
Seattle, WA 98101
Telephone: (206) 447-4400
Fax: (206) 447-9700
Email: douglas.grady@foster.com;
Attorney for Defendant

DEFENDANT'S REPLY IN SUPPORT OF
MOTION TO SET ASIDE CLERK'S
ENTRY OF DEFAULT- 5
Case No. 2:17-cv-00002 RAJ
51643758.1

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

CERTIFICATE OF SERVICE

I hereby certify that on October 27, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

s/Douglas A. Grady

MOTION TO SET ASIDE DEFAULT - 6
Case No. 2:17-cv-00002

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3292
PHONE (206) 447-4400  FAX (206) 447-9700

51643758.1